v. City of New York at all? Mr. Johnson. So you have four minutes, and then your opponent will have a few minutes to argue, and you'll have one minute for rebuttal. Okay. Good morning, Your Honor. How are you doing today? Basically, I'm here pro se, fighting not only for my rights, but for the rights of my family. Before I get started, I do want to say that the incidents concerning August 23rd, actually 22nd, the filing of the criminal complaint, and the petition, the defendants are entitled to immunity after a thorough research of case law here and also in the district court. Now, turning my attention towards the November 25th incident, that one, I'm arguing that they should not be entitled to immunity, solely because on that day, a judicial order was dismissed along with the criminal case. There was no other pending family court order protection. There was nothing. I made sure when I talked to the attorneys, upon arrival on my home, that's when the appellees, ACS, came to the house. They seen the children, which I allowed them to do. They asked to enter. I told them that they are not allowed to enter. And during that point, they came back with the same criminal court order protection that was previously dismissed early in the day. And that was the same one which the defendant appellees showed me as well. Mr. Johnson, if I can just jump in. There was also, though, a family court order of protection that was still in effect on that day. No, it was not. It was done on that day. And because within the NYPD records, they showed that it was not active. And that's something that I have been fighting that the appellees are withholding and they never presented to the court. The ones that, sorry about that. The original complaint, they have the order of protection as CR-027414-19. The family court order of protection that you are saying that it was in effect, it was not in effect at all. So that's, they arrested me on that. And when they presented it to the district attorney, they cleaned it up and they put that family order of protection on even though I was never served. Going forward, there was another incident that involved my wife when she was accused of child abuse as well. And my cousin, actually her cousin, brought my two daughters to the hospital. And during that time, it was very chaotic. It was a big time mess. And they was examined nude without my permission, without my consent, without the mother's consent as well. And it was under the advisement that it was an emergency, which they have down in the appellee's documentation. It was never an emergency. They just examined them without an examiner, without a court order, without anything. I do agree with the district court's thorough reasoning. I just believe that it was erroneous to the point that to grant immunity because nobody's being held accountable. Since then, even though the appellees withdrew the family court case, my child has not been the same. She has a phobia of going to the doctor. The older one who did accuse me of abuse, which was found out later was not true, decided that she wants to physically abuse her mom by getting into a fist fight with her, even though my wife is a cancer survivor. So this is the result of the defendant's interference. There is no question that you and the children have suffered as a result of this. Let us be clear. We understand that. And that's a terrible thing. The question we have to decide is whether the people who are charged to look after children who may be abused had enough reason to think that something was going on. And these are terrible cases because if they don't act and something is going on, then that's awful. And if they do act and nothing is going on, you're treated terribly. But in terms of applying the law against them, we have to decide whether on the facts of the case there was enough so that it was reasonable for them to go forward. And I'd like you to be very clear that we're not. If we decide that way, it's not because we don't understand what you and your family have gone through. OK. Yes. Yes, your honor. All right. Thank you, Mr. Johnson. You'll have another minute afterwards. Good morning. May it please the court. Lorenzo DeSilvio on behalf of the municipal appellees. I'll turn first to the November 2019 arrest here. The problem for Mr. Johnson is that he introduced the sworn criminal complaint saying that he was arrested for violating a still valid family court order of protection that was still in effect. And we introduced in support of our motion to dismiss the third amendment complaint, the actual family court order that showed it was still in effect. So turning next to the hospital incident, there's really no dispute here that Mr. Johnson, as a pro se litigant, cannot represent the interest of his children. But I'd like to point out that he hasn't preserved any personal claim arising out of that. I'm not saying that he hasn't articulated it in his complaints. He glances at it in his initial complaint and the second, sorry, the first amendment, the second amendment, third amendment complaint include it. He even brought it up, I believe, before the magistrate judge during argument at one point. But when the magistrate judge specifically excised any claims in the third amendment complaint pertaining to the hospital incident, the judge also directed ACS not to even respond to any allegations pertaining to them. In response to that, Johnson had an opposition to our motion to dismiss the third amendment complaint, objections to the magistrate judge's report and recommendation, and also supplemental objections. But he never drew the court or the party's attention to the fact that it was actually a personal claim that he was pressing in addition to a claim on behalf of his children. Under the pro se, aren't we allowed to stretch considerably to see that if that claim had merit? You have the room to do that, Your Honor, given the benefits of the doubt given to pro se plaintiffs. But here where Mr. Johnson was aware of it, he was an active litigant. He submitted letters to the court any time he wanted to raise new arguments or submit additional material. He was given reasonable notice of the issue. He was told by the magistrate judge he had X time to respond. He didn't raise this issue. Even pro ses are held to that standard, and so that's what the municipal appellees are arguing. But even crediting the point, Your Honor, at most this gets a remand on this single claim for the municipal appellees to have an opportunity, or actually all the appellees to have an opportunity to adduce documentary evidence or come up with some other argument as to why this was justified under the law. But I certainly recognize your concern, Judge Calabrese. These are serious issues. We have to balance competing interests. I do not take lightly the allegations that Mr. Johnson has interposed here, but there was reason to believe that there was something going on in the household. There was a legal process which is supported by either admissions that Johnson has made or documentary evidence that he chose to introduce. It's just not the case that the constitutional torts he's alleging here come online. See, the question of whether he pleaded harm to himself, and of course he's not allowed as a pro se to plead harm to children. That's a peculiar rule, but it is there. On the other hand, don't you think that when somebody says, my children were harmed and I'm trying to do that, that person is also saying, and I am suffering because of what they have felt? Don't you think that that's a logical way of reading what somebody is saying? Generally, yes, but that's not what happened here where the complaints are clear. This violated my rights and my children's rights. But he was also speaking about Fourth Amendment rights. Parents don't, they have a parental due process right, but they don't have a Fourth Amendment right in this kind of thing. So that's where the confusion lies and that's where the specificity just wasn't there and Mr. Johnson was on notice of the need to raise this issue and he just didn't. At most he gets a remand, but our argument is it's not properly presented for this court's review, even giving him all the benefits of that. Thank you, Your Honors. Thank you. Mr., oh, sorry. Ms., is it Selmicki? Yes, Your Honor, good morning. Judy Selmicki from Wilson-Ossar for Bronx Care. Your Honors, I do want to just spend a minute on the jurisdictional issue because I'm not really sure I need to be here. The notice of appeal is fatally defective and while the court has discretion in many areas, including the scope of the complaint and things of that nature, where the notice of appeal has a jurisdictional defect, as it does here, in that it fails to identify the order. Yes, Your Honor. Yeah, well, thanks for starting with that. I'm just questioning, isn't it the case that under the new version of the rule, that the prior, the non-final orders as to, I don't know if it was the second amended complaint, merges with the final order dismissing the third amended complaint, and then under the new rule, Federal Prop. 3, that in fact we do have jurisdiction, unless that notice of appeal explicitly disclaims the subsumed orders, don't we in fact have jurisdiction? I would expect there to be jurisdiction where the notice of appeal would identify, for example, the final judgment and things of that nature. But here, and not only does the notice of appeal not identify the order that carved out Bronx Care from the case, but none of the briefing speaks about any of the events that occurred, or any of the claims against Bronx Care, I should say. So it's for those things in combination that I was not entirely sure that this appeal is directed against Bronx Care as a party. But that's it. On the merits, I also believe that there is no case pled, regardless of the liberal construction of a pro se pleading against Bronx Care here, because there is no identification of what policies would have led Bronx Care to act. It is clear from the pled facts that the children came to the hospital at ACS's direction, and there is no allegation made that the people who examined the children were policymakers or acting in that capacity in any way. So I do think both jurisdictionally and substantively the case falls well short of sustaining a motion to dismiss as to Bronx Care. Thank you, Your Honors. Thank you. Okay. Yes, Mr. Johnson, you have a minute. In response to the apologies, yes, I did wrote many letters asking for a pro bono attorney to represent myself and my kids, and I was denied outright for whatever reason. And if it is remanded, I will make that same motion again because I can't represent my children. He is definitely correct, though. Jeff Pelley is definitely correct. This is not only for myself, but also for my kids as well, because everybody was violated. And it's a messy story. It's a messy case. And someone has to be held accountable for my biological child's phobia now, and also the behavior of my stepdaughter. Thank you. Thank you, Mr. Johnson. Thank you, all of you. We will take the case under advisement.